WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—February, 1884.

STEVENS V. MILLER.

*In the matter of the estate of* JOHN STEVENS, *deceased.*

Testator, by his will, gave to his wife a life estate in lands at M.; and to his three children "an equal and undivided one third portion, each, of all my real estate at F." and, after the death of his wife, "each one third portion of the estate left to my wife during her life." He then provided that, if either of his two sons should "die, leaving a widow," the latter should use the interest of the estate or money left

to the son alone, the principal, on her death, to go to the son's children.  Testator's wife died before him.—

*Held,* that (1) each son took only a life estate; (2) the second intended life estate—to the son's widow—was void, since she could be a person not in being at testator's death; (3) hence, the limitation over on the widow's death was void; (4) testator died intestate as to the residuum after each son's life estate; (5) which would, therefore, descend to whoever were testator's heirs at the time of the deaths of the sons, respectively.

CONSTRUCTION of decedent's will, upon an application for the disposition of surplus proceeds of a sale of his real estate for the payment of debts.

The deceased left a will, by which he gave to his widow for life a house and lot at Mount Vernon.  The second clause of the will was as follows :

" *Second.*  I give and bequeath to my children, John O. Stevens, George Stevens and Mary Louisa Miller, an equal and undivided one third portion, each, of all my real estate at Fleetwood, and, after the death of my wife, and her and my funeral expenses have been paid, I give and bequeath to my children aforesaid, John O. Stevens, George Stevens and Mary L. Miller, each, one third portion of the estate left to my wife during her life.  If my son John Oscar Stevens shall die, leaving a widow, the interest of the estate or money, left by me to him alone, shall be used by said widow, the principal to go to his children after the death of his said widow.  If my son George Stevens shall marry and die, leaving a widow, the interest of the estate or money, left by me to him alone, shall be used by his widow, the principal to go to his said heirs after the death of his said widow."

At the time of the making of the will, John O. Stevens had a wife, and he and she were still living, and

had children. George Stevens had married since the date of the will, and before the testator's death, and he and his wife were living, but had as yet no children. The wife of the testator died before he did. Both parcels of real estate had been sold in this proceeding, for a sum more than sufficient to pay the debts therein established, and the costs and expenses of the proceeding, and the court was asked to dispose of the surplus.

JOSEPH S. WOOD, *for petitioner.*

JOHN O. STEVENS, *in person.*

THE SURROGATE.—The question here to be determined is who is entitled to the surplus money, or what disposition is to be made of it, under the will.

I think the absolute devise, contained in the first provision of the second clause, to testator's sons is modified by the subsequent provisions of the same clause. It would seem that the testator only intended to give a life estate to the sons; then a like estate to their respective widows, with remainder to their heirs at law. But the second intended life estates (to the respective widows) appear to be void, for the reason that the widow which either son might leave could be a person not in being at the death of the testator; and the limitation over upon their death dependent thereon would also be void, and the testator will have died intestate as to the two thirds, and the same will, therefore, descend to his heirs at law, whoever they may be, at the death of each life tenant (Schettler v. Smith, *41 N. Y., 328*).

As no control over the real estate, or the proceeds

thereof, is given to the executors by the will, the fund must, after paying Mrs. Miller her share, remain in the hands of the county treasurer, to be invested in pursuance of the provisions of §§ 2792 and 2796 of the Code, for the benefit of the sons for life, and, at their death, to be paid to the heirs at law of the testator.

Decreed accordingly.